**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAUL QUARTUCCIO, TOM POLLITT, DAVE SHANAHAN, SEAN TOOMEY, WILLIAM MATTHIESSEN, ALAN CRAWFORD, JULIO CESAR HERNANDEZ, JUAN ARANDA, BLANCA VALENTE, ERIKA CLAROS, LETICIA MENDOZA, SARA ROMAN, EVENCIA SEGURA, and REYNA AGUILAR individually and on behalf of all persons similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> THE P.H.I. GROUP, INC. dba EDOC COMMUNICATIONS, INC., MICHAEL P FRANK, THOMAS P MEITZLER and BRIAN BENDING <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) |

## **CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Paul Quartuccio, Tom Pollitt, Dave Shanahan, Sean Toomey, William Matthiessen, Alan Crawford, Julio Cesar Hernandez, Juan Aranda, Blanca Valente, Erika Claros, Leticia Mendoza, Sara Roman, Evencia Segura and Reyna Aguilar individually and on behalf of all other persons similarly situated ("Plaintiffs"), through their counsel, The Fish Law Firm, P.C. and The Law Office of John C. Ireland, and for their Class and Collective Action Complaint against THE P.H.I. GROUP, INC. d/b/a EDOC COMMUNICATIONS, INC. (Edoc), MICHAEL P FRANK ("Frank"), THOMAS P. MEITZLER ("Meitzler") and BRIAN BENDING ("Brian") (collectively, Frank, Meitzler, and Bending are referred to collectively as the "Individual Defendants") state as follows:

1

**Nature of the Action**

1. This is a case about wage theft. The Individual Defendants failed to pay dozens of their low wage workers tens of thousands of dollars in wages and accrued benefits earned while working for Edoc.

2. The Individual Defendants transferred many of eDoc's core assets to a third party, LCP Printing Impressions. Upon information and belief, this was done so that the Individual Defendants could secure new positions for themselves and certain family members at LCP Printing Impressions.

3. Unfortunately, the Individual Defendants failed to pay dozens of their workers for the hard work they performed. This has left the Plaintiffs struggling to pay their rent, bills, and make basic ends meet. It also failed to pay them for the thousands of dollars owed in accrued paid time off.

4. As a result, this civil action is brought by the above-named plaintiffs who bring their claims for minimum wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*, and the Illinois Wage Payment and Collection Act (hereinafter "IWPCA").

**Parties**

5. Plaintiffs are each individuals who worked for Defendant in the state of Illinois and who were not paid their earned wages. Their opt-in consents are attached hereto as Exhibit 1.

6. Defendant Edoc is a printer making advertisement flyers for large national retailers such as Dairy Queen, IKEA, and Baird and Warner.

7. Defendant Frank is an equity owner of Edoc. He served as its President and Chief Executive Officer and ran its day to day operations. Upon information and belief, he was also an owner of the building that housed Edoc.

8. Defendant Meitzler is an equity owner of Edoc. He held himself out to employees as being one of Edoc's "Partners" and served as its Executive Vice President of Sales. Upon information and belief, he was also an owner of the building that housed Edoc.

9. Defendant Bending is an equity owner of Edoc. He held himself out to Edoc's employees as a "Partner" and served as Edoc's Executive Vice President of New Business. He also is a corporate officer, serving as Edoc's corporate Secretary. Upon information and belief, he was also an owner of the building that housed Edoc.

10. The Individual Defendants are owners, business partners, and/or managerial employees of Edoc and are named individually and in his official capacity as an "employer" as defined under the wage laws at issue in this Complaint.

**Factual Allegations**

11. On April 3, 2020, the Individual Defendants sent a letter to the Plaintiffs telling them that they would not be paid. (Exhibit 2) The April 3, 2020 stated in part that:

> When we made the decision to dissolve eDoc, it didn't come without careful thinking and observation of our company's financial climate. According to schedule, today should have been a pay day. It is with deep sorrow that we must admit that eDoc cannot afford to fund payroll at this time. We are relentlessly working with our bank and lenders to come up with the funds to pay what we owe. Words do not describe how deeply hurt we know that you are.

12. While claiming "deep sorrow" the Individual Defendants were in actuality benefiting themselves at the Plaintiffs' expense. Just four days after claiming "deep sorrow" for stiffing their low-income workers, LCP Printing Impressions issued a press release (Exhibit 3) that eDoc's customer assets had been transferred to it:



LCP is pleased to announce they have acquired the customer assets of eDOC Communications, a full-service printing company located in Mount Prospect, Ill. The transition has already begun. LCP, designated as an essential service, is fully committed to providing eDOC clients with a smooth changeover and continued service. Thomas A. Meitzler, executive vice president of sales and one of eDOC's owners, and several other eDOC sales team members have joined LCP's business development team. LCP is not taking over eDOC's manufacturing facility or transitioning any eDOC equipment to LCP.

13. Each of the Individual Defendants caused eDoc not to pay the Plaintiff in an effort to benefit themselves and/or members of their family. Specifically, instead of paying their low wage workers (the Plaintiffs here), upon information and belief the Individual Defendants caused eDocs customer account assets to be transferred to LCP Printing Impressions. Upon information and belief, this was done to help secure employment for the Individual Defendants. In addition, upon information and belief, some of the Individual Defendants were also able to secure employment for members of their family.

14. The Individual Defendants, therefore, conspired to allow eDoc assets to be transferred to LCP to secure future benefits to themselves.

15. Defendant Edoc is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

16. During the last three years, Defendant Edoc's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

17. Defendants are the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

18. Defendants are the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c)

4

19. Plaintiffs were Defendants' "employees" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

20. Plaintiffs were Defendants' "employees" as that term is defined by the IMWL. 820 ILCS 105/3(d).

21. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

22. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

23. Plaintiffs worked for Defendants within the past three years.

24. Plaintiffs worked for two full weeks and had earned wages for those two weeks of work.

25. On March 27, 2020 Defendants announced that it was stopping operations.

26. Defendants subsequently failed to make payroll payments for the Plaintiffs despite promises to do so.

27. Defendants did not pay Plaintiffs any wages, minimum, overtime or wages that it had agreed to pay pursuant to IWPCA Agreements; in other words it failed to pay Plaintiffs their final pay.

28. Plaintiffs performed job responsibilities for Defendants in the State of Illinois.

**COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiffs Individually**
**Pursuant to 29 U.S.C. §216)**

29. The Plaintiffs re-alleges and incorporates the preceding paragraphs.

30. As the Plaintiffs were not paid at all, they were not paid their minimum wages.

31. Under the FLSA, Plaintiffs were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

32. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

33. Due to Defendants' violations of the FLSA is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

34. Plaintiffs are also due Minimum Wages for all hours worked.

WHEREFORE, the Plaintiffs requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendant violated the overtime wage provision of the FLSA as to the Plaintiff;

B. A declaratory judgment that Defendant's violations of the FLSA was willful;

B. Unpaid overtime compensation;

B. An additional amount equal as liquidated damages;

C. Prejudgment interest;

D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II - ILLINOIS MINIMUM WAGE LAW
**(Pursuant to Fed. R. Civ. Pro 23)**

35. The Plaintiffs re-alleges and incorporates the preceding paragraphs

36. This count arises from Defendant's violation of the overtime and minimum wage compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

37. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

38. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

39. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the IMWL.

40. Plaintiffs are also due Minimum Wages for all hours worked.

WHEREFORE, Plaintiffs request the following relief individually:

A. A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiffs;

B. A declaratory judgement that Defendant's violations of the IMWL were willful;

C. Unpaid overtime compensation;

D. A judgment of punitive damages, including statutory interest of 5% per month, as provided by IMWL;

E. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

    F.      Such other and further relief as this Court deems appropriate and just.

### THIRD CLAIM FOR RELIEF
**Cass Action claims for wages and benefits due  
Under the  
Illinois Wage Payment and Collection Act ( the IWPCA)**

41. Plaintiffs reallege and incorporate by reference all the paragraphs in this complaint, as if fully set forth herein.

42. This cause of action arises out of employment contracts and/or IWPCA Agreements, written and oral, such as Defendants promises to pay agreed-to salary and/or commissions and/or agreed-to rate of pay for all hours worked.

43. Plaintiffs were not paid their accrued vacation at the time of separation.

44. Plaintiffs worked for and were employed by Defendants.

45. Plaintiffs were hired and employed under an oral and/or written Agreement.

46. Defendants failed to pay owed wages/pay and benefits as alleged in this complaint.

47. For public policy reasons, 'an employee shall receive all benefits upon leaving his/her employer'.

48. The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

8

49. Plaintiffs was under the control and direction of Individual Defendants and Corporate Defendant and/or its agents during the period of the Plaintiffs' employment under his contracts of service and in fact.

50. Plaintiffs were not independent contractors.

51. Plaintiffs' employment was in the usual course of business for which such service is performed.

52. Plaintiffs did not have a proprietary interest in the Defendants.

53. The Defendants' are "employers" under the terms of the IWPCA section

54. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendant is an employer under the definition of employer in the IWPCA, because Individual Defendants knowingly permitted and directed the violation of the Act (IWPCA).

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in his favor as follows:

A. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

B. Liquidated damages in accordance with the IWPCA.

C. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D. Consequential damages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Additional compensation/penalty due to the Plaintiffs in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

H. Attorneys' fees in accordance with the IWPCA;

I. and costs of this action; and

J. Such other relief as this Court shall deem just and proper

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: April 24, 2020  Respectfully Submitted,

By: /s/ David Fish
One of the Attorneys for the Plaintiffs

David J. Fish
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
docketing@fishlawfirm.com


John C. Ireland
Attorney for the Plaintiff
The Law Office Of John C. Ireland
636 Spruce St.
South Elgin IL
60177
630-464-9675   Facsimile 630-206-0889
attorneyireland@gmail.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 40% or such amounts as a court awards. All rights relating to attorney fees have been assigned to counsel.

Dated: April 24, 2020                                    Respectfully Submitted,

                                                         By: /s/ David Fish
                                                         One of the Attorneys for the Plaintiffs

David J. Fish
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
docketing@fishlawfirm.com


John C. Ireland
Attorney for the Plaintiffs
The Law Office Of John C. Ireland
636 Spruce St.
South Elgin IL
60177
attorneyireland@gmail.com